May it please the Court? Yes, please. This case involves whether an arbitration award arising out of an agreement between two private parties is dischargeable in bankruptcy. The lower courts misinterpreted Section 523A7 by relying on defendants' misrepresentation that my transfer to involuntary inactive status by the State Bar was disciplinary. The lower courts also improperly expanded the scope of Section 523A7, contrary to the U.S. Supreme Court and Ninth Circuit precedent. The bankruptcy court expressly found my suspension disciplinary, which it clearly was not. Judge Kaufman even stated she had no law to support. Let me start back. Okay. What's dischargeable or not dischargeable in bankruptcy is the debt, not the suspension, right? Yes, Your Honor. Okay. So and then the second level is that if there was a dischargeable debt and there was and the provisions of 527.3 are otherwise met, then there could be a problem with the suspension. But first we have to decide whether there was a dischargeable debt. Is that right? Yes, Your Honor. It would be helpful to me to for both sides to keep those positions somewhat separated or I mean sequential. All right. Correct, Your Honor. I'm saying my debt was discharged because it did not fall within the confines of 523A7. Okay. My debt was discharged because it did not satisfy the exception to discharge for 523A7 for penal obligations payable to and for the benefit of the government. Here the payment was to be made to a private party and none of the cases that the State Bar cites, even cost control marketing, their main case, were the payments made directly to a private party. Here the State Bar says, I owe the government nothing. The payment is supposed to be made directly to Mr. Clark. There was also though a requirement that you pay the government its costs in the end at the enforcement level, right? In other words, when it went to the enforcement stage, you were then ordered to pay both the debt and the government's costs. Is that right? Or the State Bar's costs. Am I wrong about that? Well, this case is intertwined with the other one. I think I was wrongfully suspended because I could not pay the obligation. I understand, but I'm trying to understand. But they decided otherwise and what I'm trying to find out is the nonpayment for which you were ultimately suspended included some amount of money that was payable to the government. Is that right? Or to the State Bar, if it's the government, maybe the State Bar. Well, I have to tell you the arbitrator never applied for costs. The presiding arbitrator, when he came in to enforce the suspension, I was in one lump sum, $5,000 in one lump sum. That's why I was suspended, not based on the arbitration award. Now, the presiding arbiter, Kenneth Bacon, did not seek costs. So Judge Miles suspended me based on my inability to pay the $5,500. I see. And the $5,500 would have been paid to your client, not to a governmental unit. Correct. Not to the government. Here, the State Bar acts as, as I argue in my briefs, as a collection agency. It's not payable to and for the benefit of the government. Even in cost control marketing, the money there was payable to HUD with no requirement, and the court specifically said that, no requirement that the money be paid to anyone. And Judge Easterbrook picked that up in the Seventh Circuit when he discussed cost control marketing in, in Honore Tower. Now, the correct decision in this, in this circuit is Honore Parsons, decided by the Bankruptcy Court. He correctly analyzed Section 523A7 because in a civil context, it's not a criminal proceeding. It's not penal. And in a civil context, the payment is not payable to and for the benefit of the government. My case is... Okay. So let's sort of assume so for a moment. So then the question is, what about the suspension? And the suspension had already occurred before the bankruptcy, right? Yes. So they weren't, they couldn't have been suspending your license because of the nonpayment, because of the discharge, because they'd already suspended your license? They continued suspension of it. Under, under the State Bar procedure, which I cite, the only thing I have to show the State Bar Court is that the debt has been satisfied. The debt no ministerial act. They're, they're making an argument that, and it was, I guess, accepted at least by the district court that you had to make some affirmative motion and you haven't done it. Well, Your Honor, I had to get a judicial determination from this, from the Bankruptcy Court that the debt was discharged. I can assure you, if I had gone into the State Bar Court without it, they would have said... You're saying you first need an agreement that, again, that stage one, that it was an order that it was in fact discharged. Yes. I need a judicial determination and that's what my complaint sought. A judicial determination that the Clark debt was discharged. Now, it actually, the other complication here is that it actually was discharged, right? Because it was in your filings in the Bankruptcy Court and there was no challenge to the discharge and the order of the Bankruptcy Court actually did discharge it. Is that correct or is that your, your position? Well, the government's taking the position, the State Bar's taking the position, it was not discharged under Section 523A7. They're taking the position it's not just chargeable, but that seems a little different from whether it was actually discharged. Well, there's various provisions of the Bankruptcy Code. In certain instances, the creditor has to take affirmative action. And in other cases, it's just automatically deemed not dischargeable. And government obligations like tax obligations, that sort of thing, they're deemed not dischargeable. But here you have a money judgment. And even if the state, even for the sake of argument, if the state was acting under its police power, it would not be exempt from going in and getting relief from the automatic stay to continue, to continue the suspension of my driver's license. That makes it very analogous to Perez v. Campbell, where the state of Arizona was trying to suspend, continue suspension of the debtor's driver's license. The U.S. Supreme Court said no, that's a violation of the automatic stay and 525A was based on Perez v. Campbell. Counsel, I'm, I guess where I'm troubled in this case is that the Supreme Court in Kelly and a number of other courts in similar situations, I agree, not identical, but in similar situations dealing with attorney discipline or attorney issues have said federal courts need to be very careful not to intrude on the state's ability to discipline or deal with lawyers that they think aren't following the rules of that state. There's a case called Richmond. There's Finley from this court. How would you have us distinguish your case from those cases? Because my suspension here wasn't disciplinary and the four authors of the California Practice Guide on Professional Conduct agree with me and I, I went on at length in my brief. Well, okay, but, but I understand that, that it technically may not be disciplinary, but the state bar and the state of California have said because of something that you did, you should not be practicing law in the state of California, correct? That's why we're here. My license in this particular proceeding was suspended solely because I could not pay that arbitration award. If you pay the award tomorrow, would your license be back? I understand there's another issue and I'd like to hear about that too, but leaving that aside, if you paid the I'd have to file the motion with the state bar court. Yes. It's a ministerial perfunctory act. Once the debt is gone and I'm saying instead of payment, it's discharged in my bankruptcy because I question that, but that's another matter. But, but, but if you paid it, actually paid it, would it, would your suspension be gone? Yes. And if I went into the state bar court and said, I'm entitled to be reinstated. Yes. It's a ministerial perfunctory act. But you incurred the debt in the first place because as a result of disciplinary issues, you took money at a time that you should not have. This wasn't part of the disciplinary proceeding, a motion to transfer me to involuntary status. This arose out of an arbitration over fees. The arbitrator is a part-time arbitrator. He does not have the authority. Let's get back to the question. I think we're on the same wavelength here. Let's get back to the not allowed to accept fees in this situation, correct? Actually, before the completion of the mortgage modification. Okay. Your honors, I was not suspended because of the arbitration. But let's just stick with the questions we're asking here. Okay. So, so just to be clear, the whole way this thing started was, is that you accepted fees from a client to help with, with a mortgage relief before the mortgage relief had occurred, correct? A loan modification. A loan modification, correct? Okay. So that, that, okay. And then a fee dispute arose between you and your former client. The arbitrator came in and said, look, you've got to pay this money back because you weren't allowed to take it in the first place, correct? Well, that's what he ruled because that's how the state bar had interpreted that statute. So then you did not pay the, the $5,000, $5,500 back to the client, correct? I tried to make a payment plan. Yes. Okay. But, but the five, $5,500 was not paid back, correct? Well, I paid back some of it. Okay. Okay. Let's, let's, let's move this along here. Okay. So, so now where we are is the state of California is saying, because you did not comply with our Well, Your Honor, 6203db2 says that my license can only be suspended if, if I fail to propose a payment plan or if I'm able to pay it. Okay. So going back to my original question, there are a number of cases that say federal courts need to be very careful not to meddle in the ability of state bars to oversee. I won't use the word discipline to oversee the practice of lawyers in their state. Tell us how we get around those cases in a way that is consistent with the Supreme Court's dictates and Kelly. Well, number one, this is a bankruptcy case and the only way this debt is not dischargeable if it's payable to or for the benefit of the government and it's not payable to or for the under 523A7, it's a conjunctive and I would, I would also add. And it was also instigated by Clark. Pardon me? It was instigated by Clark, not by the government. That's correct, Your Honor. The arbitration is Clark versus Scheer. Correct. Correct. I mean, I don't, those, those parameters are based in the conjunctive and under Ron Pair, they all have to be satisfied. First of all, it's not penal because an administrative suspension, and this was what it really is, it's in the nature of, of a wage garnishment. That's how the state bar got involved here. There is a provision for a penalty, although one wasn't imposed. In other words, there is, it is possible to have an actual penalty in this circumstance under the statute. Correct, Your Honor. I mean, I don't disagree. Here, the presiding arbitrator, when he filed the motion to transfer me to involuntary inactive enrollment. And we, we had that determination before Judge Miles. And I came in with all my evidence. I could not pay this immediately in one lump sum, which is what the state bar and the client demanded. I didn't have it. My law license is certainly worth $5,000 to me. I didn't have it. I tried to make a payment plan. And Judge Miles, the evidence was uncontroverted that, that I was indigent. I was on food stamps. I was on government sponsored health care. In fact, when I did a petition, the California Supreme Court, they allowed me to waive the filing fee. So if I couldn't pay $775, I don't know how I could pay $5,500. All right. Your time is almost up. Okay. And I did give you extra time, so. Okay. Thank you, Your Honor. I don't fall within the parameters of 523A-7. 525A applies because the state bar is continuing the suspension of my license when that debt has been discharged and my license should be restored under 525A. My suspension was not disciplinary. And I have cited extensive authority as well as the very, the four authors of the California Practice Guide. Suspension in this context is not disciplinary. Thank you very much. Good morning again. May it please the Court, Michael von Lohenfeld for the appellees. With the Court's indulgence, I'd actually like to work our way backwards to the dischargeability question. Because 525A does not have some freestanding obligation that a suspension that was entered before the bankruptcy be lifted. She has to ask. She's admitted she didn't do that. There's no- Well, she says until she has a determination that it was in fact discharged. There's nothing to ask. I understand that she says that. But that's not what the rules say. So- I'm sorry. That's not what the rules say. So I would first go back again to Conway, which discusses this involuntary inactive status, where the Court notes that the lawyer always has the ability to come in and ask for the suspension to be lifted. She could- No, but I mean, you're even taking the position that even if it was discharged, you still couldn't undo it. No, no. I want to be very clear on that, Your Honor. I'm taking the position that the State Bar Court does not have statutory authority to do that. The Supreme Court, though, which is where the petition would go, absolutely has authority to do that. If Ms. Shearer was to petition the California Supreme Court for lifting of her involuntary inactive status- I'm not understanding. Until there is a ruling- No, let's back up even further, okay? Was the state originally discharged by the fact that there was no objection to the discharge? Our position is no, Your Honor, because it's the kind of debt, it's the kind of regulatory debt that the state doesn't have to go to the bankruptcy court to prevent from being discharged. Could you just- What provision of the bankruptcy? I understand that Kelly was kind of set up the same way, so I assume you're right, but I'd like to know what the statute is. It's 523-A-7. I want to walk you through why- 523-A-7 says that this is so non-dischargeable that even if it's actually discharged, it's still not discharged. Oh, you know, I apologize, Your Honor. I actually don't know the specific section that says that the government doesn't have to- I mean, that's what Kelly says, and I think Ms. Shearer agrees. Well, it doesn't really say it. It kind of ignores it. I think the important part of Kelly is exactly what Justice Owens was- or excuse me, Judge Owens was arguing in his questions, is that Kelly is tied to the principles of federalism and Younger. Kelly tells us we do not read these statutory words with the ease of a computer. Well, Kelly, first of all, it's a form of statutory interpretation which isn't particularly in vogue these days, would you say? I think this is a unique area where the Supreme Court has indicated that because of the federalism concerns expressed in Younger- Because of particular federalism concerns, i.e. because there was a history with regard to criminal proceedings in particular. And if we're going to- and it does trouble me to start expanding that out to when it seems pretty clear that the statutory language is not met. Do you agree with that? I think the literal language of the statute is not met. I think our brief was clear on that. Right. And Kelly, in a narrow circumstance because of very strong historical evidence, said, well, we understand that, but we're not going that way. Now, so then we start incrementally, first of all, taking different interests, the bar interest rather than criminal, then taking a situation where the money actually isn't paid to the- the money was at least paid to the government. It's not paid to the government. It's not being triggered by the government. The underlying arbitration is called Clark versus Sherr. The government isn't even there. So now by incrementalism, we're getting further and further and further from the statutory language. Well, let me tease that out because I think there are a couple of pieces in there, if I may. The first is that Kelly notes that the interest is the interest expressed in Younger. That we're not expanding that at all. State bar proceedings fall under the exact same Younger interest as criminal proceedings. That's what the Supreme Court tells us in Middlesex. And if you read- But that was after Kelly. No. I'm sorry. I'm not sure about that. Was Middlesex after Kelly? I'm not sure. I don't know. Middlesex is 82 and Kelly is 86. So no. Middlesex is before Kelly. So and in Middlesex, actually, Justice Brennan went even further in concurrence in noting the enormous deference that the federal system gives to state attorney disciplinary and attorney regulatory matters. And I don't think it's productive to get into an argument about whether the word discipline technically applies here. Her license is suspended. That is clearly an exercise of power over her ability to practice law. And that is squarely within- If she paid the debt tomorrow, would she get her license back? No, Your Honor, because she's since been suspended for other related misconduct. I don't believe that. Well, if you want to argue about that specifically, that would be fine. But just taking the parameters of this case at this point, would she get her license back? If we pretend she had not been suspended subsequently, all right, and she paid the debt and then she went and filed the proper petition and the paperwork with the State Bar Court, yes, she'd get her license back. All right. Do you want to tell us what are you arguing about the other suspension? Well, I think it moots questions about the validity of her suspension. Remember, this case is about whether the bar violated 525A. That's fundamentally what she's saying. She's saying that the bar has failed to reinstate her license. And not only has she not asked for that because she doesn't think she can yet, which is her understanding, but that doesn't mean that the bar has violated anything. But if she were to ask for it at this point, that relief cannot be granted because she's been suspended for numerous acts of similar loan modification misconduct and, frankly, practicing law outside of her jurisdiction. And that order, which is final and has been approved by the California Supreme Court. Is that suspension or disbarment? It's a suspension, Your Honor. She's on suspension and I think probation until she meets certain conditions. I see. She was not actually disbarred, which is a, but. Do we have that actual order? I know we know about it, but do we have the piece of paper? You do, Your Honor. We submitted a request for judicial notice, and that is before the court. So that, frankly, moots the question as to whether her, the quote, unquote, continuing the suspension is a violation of her rights. And I would argue, by the way. It doesn't moot the question of whether this was, this debt was just charged or dischargeable. It obviates the need to reach that question. Why? Because if we. So. Even if we find it is dischargeable, it doesn't reinstate her. It will not. I'm saying two things. First, I am saying that she cannot be reinstated in this proceeding. And it will discharge her debt and she won't have to pay that debt. Well, the same debt was subsequently ordered by the California Supreme Court to be paid as part of her disciplinary suspension. And at least there won't be, if we decide this question, at least that will be taken off of her slate. She has other issues, but she has to resolve those other issues. But at least this is not an issue that she'll have to resolve. That's right. That is true, Your Honor, in a sense. However, because she did not ask to be reinstated with respect to this debt, you still have no ability to find that the bar violated 525A. I understand that. But that's why I've been trying to separate the two pieces out. Because isn't there still an issue in this case as to whether this is a debt she has to pay to Mr. Clark ever? Well, I think there's not because the Supreme Court in its disciplinary order, which you have on our request for judicial notice, orders her to pay the same amount of money to Mr. Clark as a disciplinary sanction. So she owes that $5,000 to Mr. Clark even if the arbitration award is vacated or discharged or what have you. She still owes it because the Supreme Court has said that as a disciplinary matter because of her misconduct in practicing law outside of California and in collecting loan modification payments, she is required to pay him and a bunch of other people that money. But could the California Supreme Court, as a discipline for something else, order her to pay some other discharge debt or dischargeable debt? The California Supreme Court can order her to make restitution to clients who she has wronged through attorney misconduct, yes. But they set the restitution as the same amount of the debt. So in other words, they changed the label, but the underlying issue is still the same. It's the $5,000 debt. And so they're, in effect, if what you're saying is true, circumventing the authority of the bankruptcy court because they're saying even if we find that the debt is dischargeable, she still is on the hook for it. So what I'm saying, Your Honor, is that first off, that question's not been presented to the court and wasn't presented because Ms. Shearer has never asked the California Supreme Court or the state bar court for that matter. There'll be no need for her to ask it if to do so would be futile. I agree. But we don't know that it will be futile. She says it will be futile. But tell me a circumstance in which it wouldn't be futile if matters remain as they are. As matters are now, the debt wasn't paid and wasn't discharged, and she was suspended for that reason. And until she has a court order to the contrary, what's she going to go to the California Supreme Court with? Your Honor, her argument, as I understand it, is that the bankruptcy order is that order. She's arguing not that this court should discharge the debt, but that the debt is already discharged. I feel like I'm getting a little down the rabbit hole, though, because we do, we contend very strongly that this is a non-dischargeable debt because this is exactly the type of concern protected by Younger, this federal interference through either courts or the bankruptcy system. But you always make the Younger argument with respect to any state regulatory scheme when the statute itself is clear. It says payable to and for the benefit of a governmental unit. And we don't have that here. Well, with respect, Your Honor, the Younger argument is actually very narrow. The court has recognized Younger's applicability in an extraordinarily narrow set of circumstances. And so I can't make that argument. If you look at all the cases, Towers, all the other cases, Ms. Scheer cites, those are all civil cases where there would be no possibility of Younger applying, because Younger doesn't stop, a pending civil case would not be stopped by that. State bar proceedings are like What if it was a dental disciplinary proceeding that had some money? That would still count for Younger purposes. I don't know that that's true, Your Honor, and especially not with the history of the federal I have seen those cases. And it would not, I would submit that the interest as expressed in Middlesex, the Younger interest, the federalism interest in not interfering with Their basic argument is that Kelly is as broad as Younger with regard to what it covers. My, at least with respect to state bar proceedings, yes, Your Honor. But there was to prevent anyone from expanding it to any state regulatory scheme when that was not contemplated by the bankruptcy court or by the bankruptcy statute. Is there anything in the history, in the legislative history of 523 that would give you shelter? If I, if I ask you, you know, where did you get that argument? Take Younger out of it for a moment. Well, Your Honor, I'm having difficulty taking Younger out of it because Kelly tells us that Younger is the reason we don't read the statute literally. If you take Younger. We can never read it literally because of Younger? No, Your Honor. You can read it literally, except where the Younger concerns are triggered. And you asked the question, what would prevent any state regulatory proceeding from being squeezed into Younger? Other regulatory proceedings don't have hundreds of years of history behind them of the federal government not interfering. Whereas state criminal proceedings. As far as I can tell, the citation to Younger is that there's a fundamental policy against federal interference with state criminal prosecution, citing Younger. Right. So, and then again, this Court has recognized that the state's interest in administering their criminal justice system free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of reliefs see Younger. Where do you get from there to the notion of anything that meets Younger meets Kelly? Through Middlesex, where it discusses the state bar's interest that the interests of states in regulating. Kelly isn't saying that anything that satisfies Younger satisfies, permits a, you to disregard the language of the statute, saying that this particular policy in federal state criminal prosecutions is very strong, signing Younger. It's just using Younger to bolster the notion of how strong the interest in state criminal prosecutions is not to say that anything that satisfies Younger, therefore, falls outside of the language of the bankruptcy statute. I think what Kelly is saying is that the historic reluctance to interfere with state criminal proceedings reflected in Younger tells us that we should not, this applies as much in bankruptcy as in any other context. And what I'm saying to your honor, which is a question that was not presented in Kelly, is that in Middlesex, the Supreme Court recognized that the historic, the, for the entire existence of this country, the historic deference that has been given to attorney, disciplinary and attorney regulatory matters to be free from federal interference, that is an interest that is as high as the interest in criminal proceedings that is in Kelly. And that is why the Younger doctrine is consistently applied to, to state bar proceedings just as it is to criminal proceedings. So if you're asking me, did Kelly, equitable doctrine, it doesn't have to struggle with a statutory language. Your honor, I think, Younger isn't more to anything. It's more to just the interest, not to, to, to, to any statute. Your honor, Younger reflects a concern with federalism. And what the Supreme Court said in Kelly is that this reflection of our federalism, they're referring to Younger criminal cases, but it's the same thing. Us also must influence our interpretation of the Bankruptcy Code. I will agree, your honor, that it is odd that in Kelly the Supreme Court told us we don't look at each of the literal meaning of the statute, but that is the rule in Kelly and there's no logical reason given the historic importance of federal deference to state bar proceedings of applying any different rule in the state bar proceedings as in the criminal context. But again, your honor, I would note that at some point, you know, this may not be the right case for you to reach the sticky wicket. It's already been suspended. Correct. And also because she did not petition, I understand she says it's futile. Thank you, your honors. Time for a bonus question. Thank you, your honor. First of all, I'm not asking your honors to reinstate my law license. I'm asking that the court find my debt is not discharged. Kelly was discharged. Was dischargeable and discharged. You're asking that my debt. Right. And you're not asking us to reinstate the law license. So you're not asking us directly to rule with regard to that provision of the bankruptcy. No, I'm just asking you to determine that my Clark, the Clark debt was discharged under the bankruptcy code. I'm seeking that judicial determination. Okay. And then I'm also seeking a judicial determination that section 525A applies. No, this court cannot reinstate my license, but I have to get a judicial determination because I know very well if I go into the state bar. Why, why should we even reach the 525A issue if we decided that the discharge issue and particularly in light of the fact that you have the other suspension question anyway, why doesn't that play out afterwards? You then go to the court and ask to be reinstated and then we see what happens. But why are we, why are we even deciding on the reinstatement question? They may just do it theoretically. Why are we even deciding the question of how the discharge, if there is a discharge, affects your license in any, in any way at all? Well, section 525A says that an agency cannot continue. I understand that, but if your position is that if it's your position, as I understand it, is that if the debt is discharged, 525A requires them to reinstate you, but you haven't asked them to do that because you don't have the discharge. I understand that part. So once you have the discharge, and they're not really saying, as I understand it, that except for the later, later suspension, that if there were a discharge, they wouldn't reinstate you. So why are we getting to the reinstatement issue at all? Number one, they're in violation of the automatic stay because even if the police power regulatory power applied, under 362B-4, that is not an exception to relief from the automatic stay. They are subject to the automatic stay. They should have discharged you before. They already suspended you before you filed the bankruptcy, so they didn't actually do anything afterwards. They continued the suspension. It's just like the driver's license case. I guess I don't understand. The thing is, they already suspended you before you filed the bankruptcy, so does the automatic stay say that you have to unravel something you've already done? No, they should have come in for relief from the automatic stay to be able to continue the suspension of my law license because that debt was discharged. What they're trying to do is enforce a money judgment. The regulatory power does not give them the right to do that. Under 362B-4, what they're doing is enforcing a money judgment. If you look at 362B-4, it doesn't exempt them from the provisions of the automatic stay. They had to come in to continue. The automatic stay talks about continuing enforcement of the debt by continuing to suspend my license because of this debt, which was discharged. They are a violation of the automatic stay. Thank you very much. Thank you both for your arguments in a very interesting case.
judges: Berzon, Owens, Marbley